IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.    ) | 2:17cr387-MHT |
| ) | (WO) |
| MARCUS ANTIONE HOPKINS, ) | |
| JR. ) | |

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Department to revoke the term of supervision of defendant Marcus Antione Hopkins, Jr. *See* Order (doc. no. 62); *see also* Petition to Revoke Supervision (doc. no. 54). Since then, in a written document submitted to the court and signed by government counsel, defense counsel, and Hopkins himself, Hopkins has agreed to waive his right to a revocation hearing in exchange for a particular sentence. *See* Agreed Order (doc. no. 65-1). For the reasons that follow, the court will accept the parties' agreement, grant the revocation petition, revoke Hopkins's term of supervision, and

sentence him to 12 months in custody with 12 months of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Hopkins is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation," also known as the right to allocution.  Fed. R. Crim. P. 32.1(b)(2); *see also* Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit in *United States v. Frazier*, 283 F.3d 1242 (11th Cir.

2002)). The rule also makes plain that such revocation hearings can be waived by the defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).*

Given this rule, the court is satisfied that Hopkins's waiver is sufficient for this court to proceed without a revocation hearing. In the waiver, he "acknowledges he has had an opportunity to" review both

---

\* Allowing a defendant to waive a revocation hearing in its entirety is also consistent with the rule's treatment of preliminary hearings and modifications of supervised release, both of which can also be waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("The person may waive the [preliminary] hearing."); *id*. at 32.1(c)(2) ("A hearing is not required if: (A) the person waives the [modification] hearing.").

(1) "the notice of the alleged violation of supervised release" and (2) "the evidence against him." Agreed Order (doc. no. 65-1) at 3. This corresponds to his entitlement at a revocation hearing to "(A) written notice of the alleged violation; [and] (B) disclosure of the evidence against [him]." Fed. R. Crim. P. 32.1(b)(2). Further, in the waiver, Hopkins "acknowledges he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence," namely (1) "[t]he opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing" and (2) "[t]he opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court." Agreed Order (doc. no. 65-1) at 3. This corresponds to Hopkins's entitlement at a revocation hearing to "(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the

interest of justice does not require the witness to appear; ... and (E) an opportunity to make a statement and present any information in mitigation."  Fed. R. Crim. P. 32.1(b)(2).  While the waiver does not mention Hopkins's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," *id.*, there is no need here because he is already represented by counsel.

Finally, the court finds the parties' proposed sentence--12 months of imprisonment and 12 months of supervised release--to be reasonable and fair.  The court understands that the violations to which Hopkins is pleading *nolo contendere* constitute a Grade A violation in the United States Sentencing Guidelines; that his criminal history category at the time of sentencing was I; and that the applicable guideline range is therefore 12 to 18 months.  A 12-month sentence followed by 12 months of supervised release is appropriate here in light of the serious nature of Hopkins's violation and the

5

sentencing range established for his violation.  *See* 18 U.S.C. § 3553(a).  The Probation Department has orally indicated to the court that it does not object to the proposed sentence.  With these understandings in mind, and after having considered and consulted the Sentencing Guidelines in general and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the court finds that the parties' proposed sentence for Hopkins is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of § 3553.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion to accept proposed agreement (doc. no. 65) is granted, and the court accepts the parties' agreement, including defendant Marcus Antione Hopkins, Jr.'s waiver of his right to a revocation hearing (doc. no. 65-1).

(2) The court finds that defendant Hopkins committed two violations of the mandatory condition of the terms of his supervised release that he must not commit another federal, state, or local crime.  These are violations number one and two in the petition to revoke supervised release (doc. no. 54).

(3) The petition to revoke supervised release (doc. no. 54) is granted as to violations number one and two.

(4) The court finds that these violations constitute a Grade A violation in the U.S. Sentencing Guidelines.

(5) The court finds that defendant Hopkins's criminal history category at the time of sentencing was I.

(6) The court finds that the guideline range of imprisonment for revocation is 12 to 18 months.

(7) Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that defendant Hopkins is committed to the

custody of the Federal Bureau of Prisons to be imprisoned for 12 months, with 12 months of supervised release to follow.  This term of imprisonment shall run concurrently to any state term of imprisonment resulting from another offense that is relevant conduct to the instant offense of conviction.   *See* U.S. Sen'g Guidelines Manual § 5G1.3(c).

   DONE, this the 11th day of January, 2021.

                                   /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**